John J. PRICE and Fred C. Davant, individually and as members of a Florida limited partnership known as Price Davant Limited, Plaintiffs,

v.

CITY OF FORT PIERCE, FLORIDA, a municipal corporation, organized under the laws of the State of Florida; the Fort Pierce Development Agency, an agency appointed by the City Commission of Fort Pierce, Florida pursuant to Florida Statute; Michael J. Brown, individually and as a member of the Fort Pierce Redevelopment Agency; John C. Bahl, individually and as a member of the Fort Pierce Redevelopment Agency; Richard A. Coke, individually and as a member of the Fort Pierce Redevelopment Agency; Arthur H. Rubin, individually and as a member of the Fort Pierce Redevelopment Agency; James T. Walker, individually and as a member of the Fort Pierce Redevelopment Agency; Alto Adams, Jr., as Chairman of the Board of Harbor Federal Savings and Loan Association; Harbor Federal Savings and Loan Association, a federally chartered savings and loan association; Sun Bank of St. Lucie, Inc., a Florida Corporation; Louis E. Sousa, individually and as president of Sunvest Group of Companies, Inc., The Sanctuary of St. Lucie, Inc., and St. Lucie Intersection, Inc.; Oswald T. Sousa, individually and as an officer of Sunvest Development Corporation; Sunvest Group of Companies, Inc., a group of companies owned and controlled by Louis E. Sousa; Sunvest Development Corporation, a Florida corporation; St. Lucie Intersection, Inc. a Florida corporation; the Sanctuary of St. Lucie, Inc., a Florida corporation.

No. 85–8002–Civ.

United States District Court, S.D. Florida, N.D.

Jan. 23, 1986.

---

Guy B. Bailey, Bailey & Dawes, Miami, Fla., for plaintiffs.

Sylvia H. Walbolt, Tampa, Fla., for defendants Harbor Federal S & L and Michael J. Brown.

Robert L. Gorman, Fort Pierce, Fla., for defendants City of Fort Pierce, Fort Pierce Redevelopment Agency John Bahl, Richard Coke, Arthur Rubin, and James Walker.

Charles W. Pittman, Tampa, Fla., for defendant City of Fort Pierce.

Larry Craig, Miami, Fla., for defendant John Bahl.

Alan Scott, West Palm Beach, Fla., for defendants Louis Sousa, Oswald Sousa, Sunvest Group Companies, Inc., Sunvest Development Corp. and St. Lucie Intersection, Inc.

Harold G. Melville, Fort Pierce, Fla., for defendant Sun Bank of St. Lucie.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the various motions filed by the defendants.

The plaintiffs filed their multi-count complaint alleging various violations of federal and state antitrust and RICO laws, the Civil Rights Act and Florida's civil theft statute as well as claims for fraud and misrepresentation, conversion, conspiracy and tortious interference with business expectancy. These claims arose from an award of an exclusive redevelopment contract to the defendant Sunvest by the defendant Fort Pierce Redevelopment Agency.

The parties have filed various motions attacking the sufficiency of the complaint.

A. *Defendants' Harbor Federal Savings and Loan Association and Michael J. Brown's Motion to Strike Paragraphs 91(a) through 91(c).*

These defendants aver that the allegations contained in Paragraphs 91(a) through 91(c) of the complaint fail to allege violations of either federal or state antitrust laws and therefore, they must be stricken.

This court agrees and adopts the arguments set forth in these Motions.

Further, the court finds it necessary to address specifically these defendants' assertion that the granting of the exclusive redevelopment contract is immune from antitrust attack under the doctrine of state action immunity.

In *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), the Court recognized the necessity for states to be free to act, in certain situations, without the fear of incurring antitrust liability. This judicially created state action immunity was ultimately extended to municipalities able to demonstrate their engagement in anticompetitive activities authorized by their state "pursuant to state policy to displace competition with regulation or monoply public service." *City of Lafayette v.*

*Louisiana Power & Light Co.,* 435 U.S. 389, 413, 98 S.Ct. 1123, 1137, 55 L.Ed.2d 364 (1978).

The Supreme Court recently revisited this issue in *Hallie v. City of Eau Claire,* — U.S. ——, 105 S.Ct. 1713, 85 L.Ed.2d 24 (1985). The Court considered an attack on a municipality's alleged monopoly of its sewage treatment services and determined that neither active state supervision of the anticompetitive activity nor a clear showing that the state compelled the activity is required for state action from liability. *Id.* 105 S.Ct. at 1719–21.

Further, Congress also recognized the necessity for state action exemption from antitrust liability and codified this exemption in the Local Government Antitrust Act of 1984. 15 U.S.C.A. §§ 34–36 (West.Supp. 1985). This Act proscribes the award of money damages in antitrust actions brought against municipalities, officials acting in their official capacity or private individuals acting under the authority of the local governmental unit.

In the case *sub judice,* the defendants were acting pursuant to a redevelopment effort initiated by the City of Fort Pierce. The City's actions were specifically authorized under Florida's Community Redevelopment Act of 1969. Fla.Stat. Ch. 163.330 et seq. The Act states in part:

It is hereby found and declared that there exist in counties and municipalities of the state slum and blighted areas which constitute a serious and growing menace, injurious to the public health, safety, morals, and welfare of the residents of the state; ... and that the prevention and elimination of slums and blight is a matter of the state policy and state concern in order that the state and its counties and municipalities shall not continue to be endangered by areas which are focal centers of disease, promote juvenile delinquency, and consume an excessive proportion of its revenues because of the extra services required for police, fire, accident hospitalization, and other forms of public protection, services, and facilities.

*Id.* at 163.335(1). Further, "[a]ny county or municipality ... may formulate for the county or municipality a workable program for utilizing appropriate private and public resources to ... encourage needed community rehabilitation, ..." *Ibid* at 163.350. The Act also provides for the creation of a community redevelopment agency, *Ibid* at § 163.356; and confers upon the counties, municipalities and community redevelopment agencies power necessary to carry out and effectuate the purposes of the Community Redevelopment Act. *Ibid* at §§ 163.358 and 163.370(1)(a).

The City of Fort Pierce declared that slum and blighted areas existed in the community and that redevelopment was in its best interests. Resolution 82–25 (June 21, 1982). Thereafter, a community redevelopment agency was created. Fort Pierce, Fla. Ordinance No. H–289 (Dec. 6, 1982).

The court finds that the selection of a single developer by the City of Fort Pierce and its Redevelopment Agency was the type of conduct authorized by, contemplated by and delegated to them by the Community Redevelopment Act. Thus, the state action exemption is applicable to their actions. *Hallie v. City of Eau Claire, supra; Scott v. City of Sioux City, Iowa,* 736 F.2d 1207 (8th Cir.1984), *cert. denied,* — U.S. —— 105 S.Ct. 1864, 85 L.Ed.2d 158 (1985) (state action immunity shielded city from liability from awarding contract for redevelopment to private developer and from zoning ordinances restricting commercial development of outlying areas); *Reasor v. City of Norfolk,* 606 F.Supp. 788, 1985–1 Trade Cases ¶¶ 66,368 and 66,369 (E.D.Va.1984) (state action immunity afforded to city and its redevelopment authority which prohibited construction of office building that could compete with one under construction pursuant to a redevelopment plan); *Tom Hudson & Associates, Inc. v. City of Chula Vista,* 746 F.2d 1370 (9th Cir.1984) (trash collection franchise between municipality and private collector is immune from antitrust scrutiny).

The court concludes, therefore, that the defendants' activities are likewise immune

from antitrust scrutiny. Thus, Paragraphs 91(a) through 91(c) shall be stricken.

The court is further compelled to dismiss the federal antitrust claims, Counts I and II for the reasons set forth above.

The defendants further argue that Paragraphs 91(a) through 91(c) fail to state a cause of action under the Florida Antitrust Act. Florida Statute § 542.32 provides that "[i]t is the intent of the Legislature that, in construing [Florida's antitrust laws], due consideration and great weight be given to the interpretations of the federal courts relating to comparable federal antitrust statutes." See, *Amis v. Gulf Abstract & Title, Inc.,* 564 F.Supp. 1121 (M.D. Fla.1983), *aff'd,* 758 F.2d 1486 (11th Cir. 1985). Additionally, "[a]ny activity or conduct exempt ... from the provisions of the antitrust laws of the United States is exempt from the provisions of [Florida's antitrust laws]." Fla.Stat. § 542.20.

Thus, this court is again compelled to adopt these defendants' position and to strike Paragraphs 91(a) through 91(c).

Any actions taken by these defendants are immune from antitrust attack under Florida's Antitrust law. Therefore, the Counts VI and VII fail to state a cause of action.

B. *Motion of Harbor Federal Savings and Loan Association to Dismiss the First Amended and Supplemental Complaint*

The defendant argues that Counts III, V, VIII, IX, X, XI, XII and XIII should be dismissed for failure to state causes of action. The court finds that the above Counts meet the minimum elements necessary to state a cause of action. Accordingly, this Motion will be denied.

C. *Motion of Defendant Michael J. Brown to Dismiss the First Amended and Supplemental Complaint*

The defendant moves to dismiss the complaint filed against him in his individual capacity. As set forth in Section A, the antitrust counts fail to state a cause of

action and must be dismissed. The remaining counts state the requisite elements necessary to defeat a motion to dismiss.

D. *Motion of the Defendants Sun Bank of St. Lucie, Inc. and John C. Bahl to Dismiss First Amended and Supplemental Complaint*

See, Section C.

E. *Motion of Defendants Louis E. Sousa, Oswald T. Sousa, Sunvest Development Corporation and St. Lucie Intersection to DisMiss this Action*

See, Section C.

Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Motion to Strike Paragraphs 91(a) through 91(c) filed by the defendants Harbor Federal Savings and Loan Association and Michael J. Brown be and the same is GRANTED. It is further ORDERED AND ADJUDGED that Counts I, II, VI and VII of the First Amended and Supplemental Complaint be and the same are DISMISSED for failure to state a cause of action for which relief can be granted.

2. The Motion to Dismiss First Amended and Supplemental Complaint filed by the defendant Harbor Federal Savings and Loan Association be and the same is DENIED.

3. The Motion to Dismiss the First Amended and Supplemental Complaint filed by the defendant Michael J. Brown be and the same is GRANTED, in part, and DENIED, in part. The Motion to Dismiss is GRANTED as to Counts I, II, VI and VII, and those Counts shall stand DISMISSED for failure to state a cause of action for which relief can be granted. The Motion to Dismiss the remaining Counts is DENIED.

4. The Motion to Dismiss First Amended and Supplemental Complaint filed by the defendants Sun Bank of St. Lucie, Inc. and Bohn C. Bahl is GRANTED, in part, and DENIED, in part, as set forth in Paragraph 3.

5. The Motion to Dismiss filed by the defendants Louis E. Sousa, Oswald T. Sousa, Sunvest Development Corporation and St. Lucie Intersection be and the same is a GRANTED, in part, and DENIED, in part, as set forth in Paragraph 3.

6. Within 20 days of the filing of this Order, the defendants shall file their answers to the remaining counts in the First Amended and Supplemental Complaint.

7. This Court's prior Order staying discovery is hereby VACATED.

Surety was not required to obtain on its own information necessary to identify protestable transaction, to monitor Customs Service bulletin notices of liquidation or require its principal to notify it when entry covered by bond was liquidated so as to be required to file protest within 90 days of mailing of letter which did not identify entry, importer or bond applicable to bill in question. Tariff Act of 1930, § 514(c), 19 U.S.C.A. § 1514(c).

**2. Customs Duties ⊗82**

Letter to surety which does not constitute demand for payment cannot be cured upon Customs Service's provision of supplemental information by alternative means, without impermissibly reducing time in which surety could prepare its protest of customs classification. Tariff Act of 1930, § 514(c), 19 U.S.C.A. § 1514(c).